IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

IN THE MATTER OF THE
SEARCH OF:
SAMSUNG CELLULAR
TELEPHONE, MODEL SM-S920L,
IMEI NUMBER 990005924510333,
CURRENTLY LOCATED AT 1932
WEST CHESTERFIELD
BOULEVARD, SUITE 200,
SPRINGFIELD, MISSOURI

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Jeffrey H. Burnett, a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the following: a Samsung cellular telephone, model SM-S920L, bearing IMEI number 990005924510333, currently secured at the Springfield Resident Agency Office of the Federal Bureau of Investigation (FBI), 1932 West Chesterfield Boulevard, Suite 200, Springfield, Missouri, which is located in the Western District of Missouri (hereinafter "the device"), and the extraction from that property of electronically stored information described in Attachment B.

2. The device was located by Missouri National Guard Sergeant (Sgt.) Hovis while he was inventorying property from ERIK FINSTER's locker located at 8172 Artillery Circle, Building 1273, Fort Leonard Wood, Missouri. Sgt. Hovis secured the device which I later retrieved and secured.

3. I have been employed as a police officer with the City of Springfield, Missouri, since May 1999. I am currently a TFO with the FBI, as well as a member of the Southwest Missouri Cyber Crimes Task Force. I have been assigned to investigate computer crimes to include violations against children. I have gained expertise in the conduct of such investigations through training in seminars, classes, and every day work related to conducting these types of investigations. I have attended training provided by the FBI Cyber Crime Division, the FBI's Regional Computer Forensic Laboratory, National White Collar Crime Center (NW3C), and the Missouri Internet Crimes Against Children (ICAC) Task Force. I have written, executed, and assisted in over 300 search warrants on the state and federal level.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5. A Samsung cellular telephone, model SM-S920L, IMEI: 990005924510333. The device is currently secured the Springfield Resident Agency Office of the FBI, 1932 West Chesterfield Boulevard, Suite 200, Springfield, Missouri.

6. The applied-for warrant would authorize the forensic examination of the device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

7. On June 13, 2019, the National Center for Missing and Exploited Children (NCMEC) generated a Cybertipline Report (CTR) after receiving information from Yahoo! Inc., indicating that a user with a screen name "erik erik" and the username "XBXWLWSBSEPBCD3ACWLVCRATWY," uploaded eight images of suspected child pornography to its servers on May 5, 2019. Further information provided in the CTR indicated that the username was linked to the following e-mail addresses: erikqwerty@yahoo.com, efinster@yahoo.com, and erikfinster@yahoo.com. The user also had two other Yahoo!, Inc., screen names identified as "erikqwerty" and "erik.finster."

8. Detective T. Hicks of the Springfield, Missouri, Police Department was assigned the investigation. After reviewing the information contained in the CTR, Detective Hicks determined that there was an individual named ERIK FINSTER, residing at 3315 West Chestnut Expressway, Springfield, Missouri, and who was enlisted in the Missouri National Guard. Additionally, Detective Hicks discovered that FINSTER was married and the father to at least three minor children.

9. Detective Hicks reviewed the eight images submitted with the CTR that were uploaded by the aforementioned user to servers operated by Yahoo!, Inc. Detective Hicks concluded that four of the images contained depictions of child pornography and the other images were deemed to be child erotica.

10. On June 26, 2019, Detective Hicks served a search warrant issued under color of Missouri law to Yahoo!, Inc., to obtain information contained in the three e-mail accounts referenced above. On July 2, 2019, Detective Hicks received data from Yahoo!, Inc. in response to the search warrant.

11. During the review of the content of the data, Detective Hicks located photographs of the user. The photographs in the data were compared to photographs of FINSTER obtained from the Missouri Department of Revenue. Detective Hicks was able to confirm that the "Erik Finster" residing at 3315 West Chestnut Expressway, Springfield, Missouri, was the same individual using the Yahoo! e-mail addresses in question.

12. During the review of data contained in account "erikqwerty@yahoo.com," Detective Hicks observed several e-mails of investigative interest. Specifically, the data indicated that FINSTER had exchanged messages with individuals on Craigslist and Doublelist discussing sexual interest in children.

13. In one such exchange with a user identified as "im4fun334@yahoo.com," FINSTER received images of minor females in bathing suits from the other user, that were identified as his step-daughter and friends. FINSTER responded by transmitted a message stating, "I've came on my young daughter's panties. It was such a thrill." FINSTER sent the other user a series of photographs of a minor child identified as Jane Doe #1.[1] Several photographs depicted Jane Doe #1 attired in her

---

[1] Jane Doe #1 has been identified by Detective Hicks.

4

underwear and bra. Some images focused on Jane Doe #1's underwear. After receiving the images, the user identified as "im4fun334@yahoo.com" replied, "Oh my! I think I'll cum on her if that's ok….. I wouldn't touch her of course but in OUR world…..delicious!" FINSTER replied "Sure. I like that. Want to cum on her face? Or I can crop more pics." The user then told FINSTER he should give her Benedryl and ejaculate on her stomach. FINSTER indicated he liked that idea and sent additional photos of Jane Doe #1. The two continued to have more sexual conversations about children then FINSTER stated, "I'd be happy to get you off to my dau."

14. Detective Hicks reviewed another conversation between FINSTER and a Craigslist user identified as "j5xxm-6437412795@pers.craiglist.org." During the chat exchange, which began in early January 2018, the user transmitted to FINSTER six videos that depicted child pornography. FINSTER indicated that he enjoyed the videos.

15. On July 3, 2019, I, along with Detective Hicks and other law enforcement personnel served a search warrant, issued by the Circuit Court for Greene County, Missouri, on FINSTER's residence, located at 3315 West Chestnut Expressway, Springfield, Missouri.

16. FINSTER was located within the residence and questioned. After waiving his *Miranda* rights, FINSTER acknowledged he was the sole user of Yahoo! account "erikqwerty@yahoo.com." FINSTER further confirmed that he had participated in

5

the above-described conversations, during which he received videos depicting child pornography. FINSTER admitted to sending images of children to other individuals via the Internet, but claimed that he did not think that they were illegal because he found them utilizing a Google search. FINSTER also acknowledged to sending images of Jane Doe #1 and Jane Doe #2,[2] via the Internet, to other individuals for use during masturbation. During the interview, FINSTER informed the investigators that he had three computers at his office located at 8172 Artillery Circle, Building 1273, Fort Leonard Wood, Missouri, one personal laptop and two government computers. FINSTER advised that he had activated a new phone approximately one month ago, because he claimed his old phone quit working and was disposed of.

17. FINSTER's spouse was interviewed on scene. Ms. Finster told the investigators that she had no knowledge of FINSTER's online activities. Ms. Finster indicated that she was unable to locate his old phone at her residence and further informed the investigators that FINSTER does not typically dispose of such things.

18. On July 9, 2019, United States Army Criminal Investigation Division (CID) Investigator Diemler along with FINSTER's superior officer, Chief Warrant Officer (CWO) Lawrence, inspected FINSTER's work area/temporary quarters located at 8172 Artillery Circle, Building 1273, Fort Leonard Wood, Missouri. Inside FINSTER's work area, Investigator Diemler located two laptops in plain

---

[2] Jane Doe #2 has been positively identified by Detective Hicks as an adult female.

6

view. FINSTER's personal computer was identified as a Toshiba Satellite Laptop, serial number 2C205480Q. FINSTER's government-owned computer was identified as a Dell Latitude laptop, serial number 1NRJPL2. Investigator Diemler and CWO Lawrence placed the laptops in a secured container to ensure no one would tamper with the items.

19. Investigator Diemler relayed that FINSTER had a personal storage locker located in the same facility that likely contained FINSTER's personal property. The locker was secured with padlocks attached by FINSTER. The locker had a placard that displayed "RTS-M, 5th ORD BN SSG FINSTER, Locker #90." Investigator Diemler also observed several CD/DVD's in a locker behind FINSTER's desk area.

20. On July 31, 2019, I, and Detective Hicks, served a search warrant issued by this Court on FINSTER's locker and workspace located at 8172 Artillery Circle, Building 1273, Fort Leonard Wood, Missouri. During the course of the search, Detective Hicks located several electronic items (cellular phones, laptop, computer paraphernalia) inside the right portion of FINSTER's locker.

21. On August 1, 2019, while taking inventory of FINSTER's property remaining inside of his locker, Sgt. Hovis located the device inside the top drawer of a chest of drawers inside the right portion of the locker. The device was located under several food items. I was later notified of the discovery.

7

22. On August 6, 2019, I took possession of the device. I transported the phone to the FBI, Springfield Resident Agency, 1932 West Chesterfield Boulevard, Suite 200, Springfield, Missouri. The device was not turned on or manipulated.

23. This warrant is being sought out of an abundance of caution, due to the intrusive techniques required, to obtain a physical extraction of the evidence from the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

24. Based on my knowledge, training, and experience, I know that the device can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools.

25. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.  Forensic evidence on the device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic device was used, the purpose of its use, who used it, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how the device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

26. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to

9

employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

27. *Manner of execution.* Because this warrant seeks only permission to examine the device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

28. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Jeffrey H. Burnett
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me on ~~August 28~~ Sept. 6, 2019.

David P. Rush
United States Magistrate